### ST. THOMAS' CHURCH *v.* BOARD OF EXCISE OF CITY OF NEW YORK.

*(Supreme Court, General Term, First Department.*   November 10, 1892.)

INTOXICATING LIQUORS—SALES IN NEIGHBORHOOD OF SCHOOLS AND CHURCHES.

    The statute providing that under certain circumstances no person shall be licensed to sell liquor in any building on the same street and within 200 feet of any building occupied exclusively as a church or schoolhouse, states that "the measurements shall be taken between the principal entrances of the buildings used for such church or school purposes and the place for which an application for a license has been made."   *Held,* that the principal entrance to the saloon or room in which the liquor is to be sold was intended, and not the principal entrance to the building in which the saloon is situated.

Appeal from special term, New York county.

Action by St. Thomas' Church in the city of New York against the board of excise of the city of New York.   Motion for an injunction during the pendency of the suit.   Denied.

Argued before VAN BRUNT, P. J., and BARRETT, J.

*Peter R. Gatens,* for the motion.   *Edward Browne,* opposed.

PER CURIAM.   In providing that under certain circumstances no person shall be licensed to sell liquor in any building which shall be on the same street as a building occupied exclusively as a church or schoolhouse, and within 200 feet thereof, the legislature has directed that "the measurements shall be taken between the principal entrances of the buildings used for such church or school purposes and the place for which an application for a license has been made."   The court is of opinion that it is the principal entrance to the saloon or room in which liquor is to be sold which is here contemplated, and not the principal entrance to the building in which the saloon is situated. It is not the building which is spoken of, but the "place" for which an application for a license has been made.   The principal entrance to the building might well be many feet removed from the entrance to the saloon.   Upon the facts in the present case it appears that the principal entrance to the building is not the principal entrance to the place for which a license is sought, and that the distance between the principal entrance to the church and that of the saloon is more than 200 feet.

The motion must therefore be denied.